## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFERY LANE, )<br><br>Plaintiff, )<br><br>v. )<br><br>IRON WORKERS LOCAL UNION #1<br>PENSION AND ANNUITY FUNDS, )<br><br>Defendant. ) | Case No.: |

## COMPLAINT

1. Plaintiff, Jeffery Lane ("Plaintiff" or "Mr. Lane"), by and through his undersigned counsel, initiates this action to seek redress against Defendant Iron Workers Local Union #1 Pension and Annuities Fund ("Fund") for recovery of denied disability pension benefits, pursuant to Section 502(a)(1)(B) of Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Plaintiff also seeks attorneys' fees pursuant to 29 U.S.C. § 1132(g).

## JURISDICTION AND VENUE

2. This court has jurisdiction over this matter pursuant to ERISA, specifically 29 U.S.C. §§ 1132(e)(1) and 1132(f), which grants the district court jurisdiction to hear civil actions brought to recover benefits under the terms of an employee welfare benefit plan.

3. This action may also be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

4. The administrative claims and appeals procedure required by ERISA Section 503, 29 U.S.C. § 1133, has been exhausted.

5. Venue is proper pursuant to the provisions of 28 U.S.C. § 1132(e)(2) in the United States

District Court for the Northern District of Illinois because it is where the denial of disability pension benefits occurred and where the plan administrator is located.

## THE PARTIES

6. Plaintiff is a resident of Chicago, Illinois, a member of the Iron Workers Local #1 Union ("Union"), and is a participant in the Fund, as defined under 29 U.S.C § 1002(7).

7. The Fund is a multiemployer retirement benefit plan established and maintained in accordance with collective bargaining agreements between Contributing Employers and the Union pursuant to which the parties agreed that the employers would make contributions to the Fund on behalf of those employees who worked in covered positions, as defined under 29 U.S.C § 1002(37).

8. The Fund is administered by a Board of Trustees located in the State of Illinois.

9. The Board of Trustees are the designated plan administrator as defined by 29 U.S.C. § 1002(16)(A)(i), and therefore a "fiduciary" of the Fund within the meaning of 29 U.S.C. § 1002(21)(A).

## FACTS SUPPORTING PLAINTIFF'S CLAIM

10. All prior paragraphs are incorporated by reference, as if fully set forth herein.

11. In March 2020, Plaintiff applied for an All-Work Total Disability Pension Benefit from the Fund.

12. Mr. Lane tore his left meniscus and left shoulder while working in a confined cramped space under a window washer boom on May 28, 2014.

13. His meniscus was repaired July 2014.

14. Mr. Lane received surgery for his shoulder in 2015.

15. After completing physical therapy for his shoulder in June 2016, and repeatedly asking to be approved to work, Scott D. Cordes, MD approved Mr. Lane's return to work with a partner in

2

a low impact, nonrepetitive, non-overhead situation as a "return-to-work trial".

16. After several attempted return-to-work-trials, Mr. Lane suffered setbacks in his recovery and filed for disability in 2017.

17. Mr. Lane attempted to work again after he filed for disability but was unsuccessful.

18. Since his accident on May 28, 2014, Mr. Lane has only worked during the failed "return-to-work" trials in 2017.

19. In these trials, Mr. Lane worked 984 hours total, which is less than six months of work in six years' time.

20. Mr. Lane's repaired left shoulder was reinjured in a 'return to work trial" and is tentatively scheduled to be operated on later this year.

21. A participant is eligible for a disability pension under Plan Section 4.01(a)(2), if he has at least five Pension Credits and at least ¼ Pension Credit was earned during the Calendar Year of the disability and the preceding three Calendar Years, provided he/she was totally and permanently disabled as the result of an accident sustained while on the job and employed by a Contributing Employer as an Iron Worker. Also, a participant must be disabled withing a reasonable time period after the accident in order to meet this requirement.

22. Under the Plan Section 4.03(a), a Participant shall be considered permanently and totally disabled if "the Participant is entitled to disability payments under the Social Security Act[.]"

23. SSA determined that Mr. Lane is disabled and entitled to monthly disability benefits.

24. Under Section 4.01(a)(2), Defendant determined that Mr. Lane met the first and third prongs of a three-pronged test that determines participant eligibility for a disability pension.

25. Defendant determined that Mr. Lane's eligibility depended on satisfying the second prong, which states that the applicant's disability must be the result of an on-the job injury.

26. The Social Security Administration (SSA) awarded Mr. Lane disability benefits in a Notice of Award dated August 13, 2019.

27. Dr. Cordes stated that Mr. Lane could not return to work because of his injury in a letter dated February 4, 2020.

28. Mr. Lane applied for a disability pension and Defendant received his application on March 27, 2020.

29. The Fund denied his disability pension application on April 3, 2020.

30. Fund office records show that Mr. Lane was injured on May 28, 2014 and that he received workers' compensation benefits that year.

31. Dr. Cordes' letter dated May 12, 2020 stated that Mr. Lane's workplace injury was related to the injury he suffered on May 28, 2014.

32. On April 4, 2020, Mr. Lane wrote a letter to the Pension Fund Trustees asking them to reconsider and repeal the decision to deny the disability pension application. This letter was received by the Fund on May 31, 2020.

33. On June 16, 2020, the Fund's Board of Trustees reviewed Mr. Lane's claim and advised Mr. Lane that his claim would be submitted to an independent medical review ("IME").

34. On August 18, 2020, Board of Trustees reviewed Mr. Lane's appeal and denied his claim.

35. Mr. Lane has exhausted all administrative remedies and was advised of his rights to pursue litigation in the letter denying his appeal.

## CLAIM I: WRONGFUL DENIAL OF DISABILITY PENSION BENEFITS

36. All prior paragraphs are incorporated by reference, as if fully set forth herein.

37. ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) provides that a plan participant to recover benefits due to them under the terms of the plan.

38. ERISA allows a plan participant to recover benefits due to them under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B).

39. Mr. Lane remains totally disabled by the criteria set forth in the Plan Document, as such, Mr. Lane remains eligible to receive disability pension benefits.

40. Defendants have wrongfully denied Mr. Lane's disability retirement pension benefits under the terms of the Plan Document.

41. Defendants' wrongful benefit denial is a violation of ERISA.

42. This case has been filed on or before the deadline for commencing litigation under the Plan Document.

43. Mr. Lane has been forced to and will continue to expend attorney's fees and costs to secure payment of the claims and is entitled to recover those fees and costs pursuant to 29 U.S.C. § 1132(g).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jeffery Lane prays for judgment against Defendant, as follows:

    a. For an order that Plaintiff is entitled to disability pension benefits under the Plan;

    b. For payment of disability pension benefits from May 28, 2014 to present;

    c. For prejudgment interest;

    d. For reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g);

    e. For costs of suit incurred herein; and

    f. For such other relief as the Court deems just and proper.

DATED**:** November 15, 2020

Respectfully submitted,

　/s/Denise M. Clark
DENISE M. CLARK (6196006)
Clark Law Group, PLLC
1100 Connecticut Ave., N.W., Ste. 920
Washington, D.C. 20036
P: (202) 293-0015
F: (202) 293-0115
dmclark@benefitcounsel.com

***Attorney for the Plaintiff***